# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03cr87(1) LED-JDL |
| | § | |
| BENJAMIN ELEZADO BARRERA | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 12, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jeff Haas.

On August 9, 2004, Defendant pled guilty before U.S. District Judge William M. Steger to the offenses of Count 6: Distribution of Methamphetamine, and Count 7: Possession of a Firearm in Relation to a Drug Trafficking Crime; both Class A felonies. These offenses carried a statutory maximum imprisonment term of life as to each count. The United States Sentencing Guideline range, based on a total offense level of 31 and a criminal history category of I, was 120 to 135 months for Count 6, and 60 months for Count 7. Defendant received a downward departure and was sentenced to 60 months of imprisonment on Count 6, and 60 months imprisonment on Count 7, to be served consecutively followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare. Defendant completed the term of imprisonment and began his period of supervised release on July 2, 2012.

On May 20, 2014, Defendant's supervised release conditions were modified to include placement in a Residential Reentry Center ("RRC") for 180 days due to his continued admitted use of methamphetamine. Defendant was admitted into the RRC on June 2, 2014.

In pertinent part, under the terms of supervised release, Defendant was to refrain from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated the term of supervised release when he submitted urine samples on April 11, April 28, May 22, and June 2, 2014 that tested positive for methamphetamine.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the June 12, 2014 hearing, Defendant pled true to the allegations above. The government recommended that Defendant Benjamin Barrera be committed to the custody of the Bureau of Prisons for 6 months imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Benjamin Barrera be committed to the custody of the Bureau of Prisons for 6 months imprisonment with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 19th day of June, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE